IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC., *Et al.*, | * * * |
| Plaintiffs, | * * |
| v. | * Case No. 10-cv-00807-AW |
| | * |
| 100 WISTERIA, INC., *Et al.*, | * * * |
| Defendants. | * |

**MEMORANDUM OPINION**

Pending before the Court is Defendant Dariush Vedadi's Motion to Vacate (Doc. No. 32) and Plaintiff Broadcast Music, Inc.'s Motion for Judgment against Garnishee Branch Banking & Trust, Inc. (Doc. No. 33). On December 8, 2010, Defendant filed a Motion to Vacate the Court's Default Judgment Order. (Doc. No. 32). The Court held a telephonic hearing on these Motions on August 18, 2011.[1]

### I. Factual and Procedural Background

The above-captioned matter for copyright infringement was filed on April 1, 2010. The Court issued a paperless order granting Plaintiffs' Motion for Alternative Service on June 29, 2010 (Doc. No. 11), after Plaintiff had attempted to serve Vedadi 19 times at both his home and his place of business.[2] On August 17, 2010, the Clerk of the Court entered Default against

---

[1] During the telephonic hearing on this Motion, Counsel for Defendant John Moffett represented that he was admitted to this Court, despite the fact that he had not yet entered an appearance in this matter. Mr. Moffett substituted as defense counsel for Aaron Caruso, who has entered an appearance is this case. The Court proceeded to hear argument on these Motions based on Mr. Moffett's assertions that he is admitted to practice before this Court. Although the Court directed Defendant to initiate the call in its August 4, 2011 Memorandum to Counsel (Doc. No. 36), Defendant failed to do so.

[2] In their Motion for Alternative Service, Plaintiffs assert that Vedadi lives in a gated community, and the private process server could not gain access to that community. Additionally, Plaintiff asserted that the private process server left notes for Vedadi to call him, but Vedadi never called.

Defendant 100 Wisteria, Inc. and Dariush Vedadi. (Doc. No.14). The Court entered default judgment against these defendants on October 25, 2010. (Doc. No. 22).

Moving to vacate the Court's October 25, 2010 Default Judgment Order, under Rule 60(a)(b)and (d), Defendant asserts that "as part of securing an Order permitting alternative service, it was represented to the Court that the Defendant worked at 12941 Wisteria Drive, Germantown, Maryland 20874." *Id* at 2. However, Defendant asserts that this is not the address at which he worked, as his brother Parviz Vedadi worked at this address.[3] Defendant asserts that the process server was informed that Defendant was "rarely" at the 12941 Wisteria Drive address, and this was noted on the Affidavit of Non Service filed on June 22, 2010. Defendant additionally argues that Plaintiffs did not comply with the order for alternative service, contending "the Order for Alternative Service required service by leaving the papers with a person of suitable age at 12941 Wisteria Drive, Germantown, Maryland 20874. The return service filed herein on July 27, 2010 indicated that the papers were served upon a person of suitable age at 19110 Montgomery Village Avenue, Suite 300, Montgomery Village, Maryland 20886." *Id.* at 3. Additionally, Defendant asserts that he did not receive notice that a judgment by default had been entered against him and that a monetary judgment was entered. According to Defendant, this lack of notice constituted an irregularity warranting that the Court vacate its judgment. Finally, Defendant asserts that the Order allowing alternative service was not included in the papers served and mailed to the Defendant. *Id.* at 3. Accordingly, the Defendant maintains that this Order "should have been included so that the recipient would have knowledge that the delivery of the documents in fact constituted 'service' under the Court procedure." *Id.* at 4. As the Order was allegedly not included in the process papers served upon the Defendant,

---

[3] Defendant argues that he "did not own, operate, or otherwise work at the restaurant. [He] is aware that he was listed on the Articles of Organization as an initial director in 2006. However, other than serving as the initial director in 2006, [he] is not aware that he continued to serve as a director each successive year thereafter." (Doc. No. 32-1, at 2). The Court notes that Vedadi filled out several documents on behalf of the company, listing the addresses at which he was served.

Defendant asserts that this constitutes an irregularity under the Federal Rules of Civil Procedure. *Id.*

Plaintiffs respond to Defendant's arguments by stating that Defendant was sufficiently put on notice of the pending suit against him. Plaintiffs maintain that Vedadi was the Resident Agent for Wisteria, the sole incorporator of Wisteria, and he drafted the Articles of Incorporation for Wisteria. (Doc. No. 34-7, at 2). Plaintiffs contend that they served Vedadi pursuant to the provisions of the paperless order by using a private process server to effectuate service of process. According to Plaintiffs, the private process server served Marianna Ajay (a person of suitable age and discretion) at Vedadi's place of business (19110 Montgomery Village Avenue, Suite 300, Montgomery Village, MD 20886).[4] Additionally, the private process server mailed copies of the process papers to Vedadi at his home address (13216 Glen Road, Potomac, MD 20878). (Doc. No. 34, at 3). Plaintiffs maintain that Vedadi uses and continues to use his current business address (the address where he was served) for business purposes. (*Id.* at 4).

## II.    ANALYSIS

Pursuant to Rule 60 of the Federal Rules of Civil Procedure, a final judgment may be vacated on the following grounds:

> **(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.
>
> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

[4] Defendant avers that he was not served at the business location referenced in Plaintiffs' Motion for Alternative Service, as he was served at 19110 Montgomery Village Avenue, Suite 300, Montgomery Village, Maryland 20886, and the Motion for Alternative Service which was granted paperlessly indicated that Vedadi's business address was 12941 Wisteria Drive, Germantown, 20874. In the response to Defendant's Motion to Vacate, Plaintiffs indicate that the address where Defendant was served is his current business address. Additionally, Defendant has recorded both addresses as his business address in business related documents.

    **(4)** the judgment is void;

    **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    **(6)** any other reason that justifies relief.
       . . . .

    **(d)** This rule does not limit a court's power to"

    (1) entertain an independent act to relieve a party from a judgment, order, or proceeding;

    (2) grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action, or

    (3) set aside a judgment for fraud on the court.

On the facts of this case, adequate grounds do not exist to vacate the judgment in this matter, as it appears from the pleadings that Defendant was put on sufficient notice that a suit was pending against him. Defendant did not submit a reply brief to contest Plaintiffs' arguments regarding proper service, and nowhere in his pleadings does he suggest that the defendant did not receive notice that a suit was pending against him.[5]

Analyzing the Supreme Court's jurisprudence on sufficiency of service of process, in *Nikwei v. Ross School of Aviation, Inc.* 822 F.2d 939, 944 (10th Cir.1987), the Tenth Circuit noted that, "[i]t is well settled, that as to notice, due process does not require exact certainty. *Wuchter v. Pizzutti,* 276 U.S. 13, 24, 48 S.Ct. 259, 72 L.Ed. 446 (1928). The United States Supreme Court has held in both *Shoe* and *McGee* that the sending by mail of a certified copy of a summons and complaint is reasonably calculated to apprise the defendant of a pending action, thereby satisfying the requirements of due process."

The affidavit of the private process server which is in the record, demonstrates that the defendant was served on July 20, 2010 at 19110 Montgomery Village Avenue, Suite 300, Montgomery Village, MD 20886 with a writ of summons, the Complaint, and supporting documents (the Motion for Alternative Service that was granted paperlessly), (Doc. No. 12), and

---

[5] As Plaintiff points out, Defendant has been involved in litigation numerous times, and is no newcomer to court proceedings. Therefore, he is obviously aware of when a party is attempting to effectuate service of process upon him. All indications from the record demonstrate that Defendant was attempting to evade service of process.

Page **4** of **6**

a copy of the process papers were mailed to his home address. Defendant's argument that he did not receive the Order authorizing alternative service does not change the fact that Defendant had sufficient notice that a suit was pending against him. Due process simply requires that the defendant receive notice that that an action is pending against him. Exhibits in the record, such a document from the Maryland Department of Assessments and Taxation's Taxpayer Services Division reflect that Vedadi's current business address is the address at which he was served. Moreover, the record reflects that in January 2010, Vedadi completed an alcohol license renewal form in which he listed 19100 Montgomery Village Avenue as the place of business for 100 Wisteria, Inc. (Doc No. 34-9). In this same renewal form, Vedadi recorded his home address as 13216 Glen Road, the address where the service papers were mailed. In his Motion, Defendant does not argue that he no longer lives at the address where the service papers were mailed. Moreover, Defendant makes no allegation that the process papers were ever returned as undeliverable. While Defendant argues that the first notice that he received regarding the fact that a judgment had been entered against him was from his bank, the Court notes that the Deputy Clerk of this Court sent a notice to Defendant that default judgment had been entered against him, and this notice never came back to the Court as undeliverable. Moreover, no documents were returned undelivered to the Court when the Court notified Defendant that default had been entered against him.

     From the record, it appears as though the objective of putting Vedadi on notice of the instant suit was accomplished by the service of the complaint, writ of summons, and supporting documents. The Court does not doubt that Defendant received notice of the pending proceedings against him, as Plaintiffs substantially complied with the Order authorizing alternative service. Based on this record and the failure of the defendant to assert that he did not actually receive notice, the Court finds the defendant's arguments disingenuous, and the Court

will not believe that the defendant did not have notice of the suit which was pending against him. Accordingly, the Court will **DENY** Defendant's Motion to Vacate.

Also pending before the Court is Plaintiffs' Motion for Writ of Garnishment against Garnishee Branch Banking & Trust, Co ("BB&T"). On November 8, 2010, the Court issued a Writ of Garnishment upon BB&T. BB&T filed an answer acknowledging that it was "in possession of funds in the amount of $25,921.00 maintained in the name of Judgment Debtor, Dariush Vedadi and another person." (Doc. No. 29). As BB&T is a garnishee is in possession of the defendant's property, the Court will **GRANT** this Motion.

## CONCLUSION

An Order Consistent with this Memorandum will follow.

Date:  August 19, 2011                                 /s/
                                        Alexander Williams, Jr.
                                        United States District Judge